NO. 07-10-0338-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
26, 2011

 



 

GARY DEAN POSEY,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 61,421-E; HONORABLE DOUGLAS R. WOODBURN,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Gary Dean
Posey was convicted after a jury trial for possessing a controlled substance in
a drug free zone.  He was then sentenced
to fifty years in prison.

Appellant’s appointed counsel has filed a
motion to withdraw, together with an Anders[1]
brief wherein he certified that, after diligently searching the record, he
concluded that the appeal is without merit. 
Along with his brief, appellate counsel attached a copy of a letter sent
to appellant informing him of counsel’s belief that there is no reversible
error and of appellant’s right to file a response or brief pro se.[2]  By letter dated March 7, 2011, this court
also notified appellant of his right to tender his own brief or response.  After requesting and receiving an extension
of time to do so, appellant’s response was filed on May 16, 2011.  

In compliance with the principles enunciated
in Anders, appellate counsel discussed
several potential areas for appeal.  They
involve 1) a motion for speedy trial, 2) a motion to suppress the evidence, 3) a
venire member being excused for cause, 4) objections to the evidence, 5)
appellant’s motion for instructed verdict based on care, custody, control, or
management of the controlled substance and the lack of affirmative links, and
6) appellant’s request for a clarification to the jury charge.  However, appellate counsel explained why each
argument lacks merit.  

Appellant also raised several issues in his
response including 1) his lack of effective assistance of counsel, 2) his lack
of a speedy trial, and 3) the motion to suppress.  The latter two issues were adequately
discussed by appellate counsel and, without evidence in the record as to the
reasons for trial counsel’s actions, the ineffective assistance of counsel claims
are without support.  Ex parte Niswanger, No. AP-76,302, 2011
Tex. Crim. App. Lexis 390, at *9-10 (Tex. Crim. App. March 16,
2011).

We also conducted our own review of the
record to assess the accuracy of appellate counsel’s conclusions and to uncover
any reversible error pursuant to Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).  That review has failed to reveal reversible
error.  

Accordingly, the motion to withdraw is
granted, and the judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

 

Do not publish.       

            








 











[1]Anders v. California, 386
U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[2]Appellant
also has a right to file a pro se petition
for discretionary review with the Court of Criminal Appeals upon this court
affirming his conviction.